Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MedImmune, Inc.<br><br>    Plaintiff,<br><br>    v.<br><br>Genentech, Inc., City of Hope, and Celltech R&D Ltd.<br><br>    Defendants. | CASE No. CV 03-02567 MRP<br><br>MEMORANDUM OF DECISION RE: Motion for Leave to File Second Amended Complaint |

On January 12, 2004, Plaintiff MedImmune filed a Motion for Leave to File Second Amended Complaint. ("Motion") (Filed under seal). Having read and considered all of the documents filed in connection with this motion, this Court has determined that oral argument will not assist the Court in deciding the issues presented in MedImmune's motion. The hearing scheduled for February 23, 2004 is therefore vacated and MedImmune's Motion for Leave to File Second Amended Complaint is **DENIED**.

## BACKGROUND

### I. Prior Amendment

MedImmune filed its original Complaint on April 11, 2003. On August 4, 2003, this Court granted Genentech's Motion to Dismiss the

Third and Eleventh Causes of Action, but allowed MedImmune leave to amend the Third Cause of Action. The First Amended Complaint was filed on August 13, 2003. ("FAC").

MedImmune now seeks leave to amend its Complaint a second time. See Plaintiff MedImmune's [Proposed] Second Amended Complaint ("PSAC"), in Declaration of Harvey Kurzweil in Support of MedImmune, Inc.'s Motion for Leave to File Second Amended Complaint, Exhibit A (filed under seal 1/12/2004).

## II. Summary Judgment

This Court recently granted summary judgment against MedImmune on the antitrust claims that were at issue in this case. Memorandum of Decision Re: Defendant Celltech's Motion for Judgment on the Pleadings and Defendant Genentech's Motion for Summary Judgment ("Summary Judgment Decision")(filed 12/23/03, amended 1/14/04). Having considered the parties numerous filings, the parties' oral argument, and this Court's significant independent research into the *Noerr-Pennington* doctrine and its application to the undisputed facts in this case, this Court found that *Noerr-Pennington* immunity barred MedImmune's antitrust claims. Summary Judgment Decision, at 6-23. This Court's finding that the Defendants had immunity for the possible anti-competitive effects of their actions necessitated summary judgment against MedImmune on the fifth, sixth, seventh, eighth, ninth, and tenth causes of action in MedImmune's First Amended Complaint. Summary Judgment Decision, at 26.

MedImmune moved for leave to file a Second Amended Complaint after this Court issued its summary judgment decision. As is discussed below, MedImmune's motion is denied because the proposed amendments

are a belated and improper attempt to avoid this Court's decision on summary judgment and because the proposed amendments would be futile.

**ANALYSIS**

According to the Federal Rules, leave to amend "shall be freely granted when justice so requires." FRCP Rule 15(a). However, undue delay, prejudice to the opposing party, futility of the amendment, bad faith, and previous opportunities to amend may counsel against granting leave to amend. *Schlacter-Jones v. General Telephone of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Justice does not require this Court to grant MedImmune's motion for leave to amend. Strong arguments could be made that prejudice to Celltech and Genentech,[1] bad faith in re-asserting claims against which this Court has already issued summary judgment,[2] and the

---

[1] Celltech would be particularly prejudiced by the proposed amendments, because all claims against Celltech have been disposed of by summary judgment. The proposed amendments therefore would pull Celltech back into a case in which it currently has no interest.

[2] For example, this Court issued summary judgment against the Fifth and Eighth Causes of Action in the First Amended Complaint. These causes of action reappear in the proposed amendments with *no* substantive changes, and based on factual allegations virtually identical to those on which this Court based its summary judgment decision. *Compare* FAC ¶165-173 *and* ¶186-191, *with* PSAC ¶199-204 *and* ¶176-184.
  MedImmune claims good faith on the theory that the law as to whether they must include summarily adjudicated claims in the proposed amendment to preserve them for appeal is uncertain. Reply at 2. However, the Ninth Circuit has been quite clear on this issue. *See e.g., USS-POSCO Indus. v. Contra Costa County Bldg & Const. Trades Council, AFL-CIO*, 31 F.3d 800, 812 (9th Cir. 1994) ("the London rule (requiring repleading to preserve claims for appeal) only applies to amended complaints that follow dismissal with leave to amend, and not to those that follow summary judgment"). That MedImmune devoted portions of its Motion to rearguing the summary judgment issues

3

previous opportunity MedImmune had to amend its Complaint[3] justify denying leave to amend. However, this Court finds that MedImmune's undue delay in seeking to amend after this Court's summary judgment decision and the futility of MedImmune's proposed amendments are the strongest reasons for denying leave to amend.

## I. Undue Delay

"A motion for leave to amend is not a vehicle to circumvent summary judgment." *Schlacter-Jones*, 936 F.2d at 443 (denying leave to amend in part because a summary judgment motion was pending); *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983)(same). The fact that a motion to amend is filed after substantial discovery and the filing of a motion for summary judgment "weighs heavily against allowing leave." *Schlacter-Jones*, 936 F.2d at 443.

### A. Fraud Claims

MedImmune's proposed Second Amended Complaint includes new allegations ostensibly buttressing claims against which this Court has already issued summary judgment. MedImmune claims that it "has added factual allegations learned through recent discovery that satisfy the

---

further suggests an attempt to slip summarily adjudicated claims back into the case, rather than acceptance of this Court's order and a good faith intent to simply preserve issues for appeal.

[3] It is notable that MedImmune's first amendment was made to clarify that it was asserting inequitable conduct, not fraud, thus allowing MedImmune to avoid a motion to dismiss. Order (Aug. 11, 2003). MedImmune would now like to amend to add fraud into the Complaint, bringing us back to a point in the litigation (a fraud claim subject to dismissal for failure to meet pleading requirements) that was resolved months ago.

elements of a *Walker Process* claim." However, MedImmune has not added new factual allegations, it has merely inserted the words "defraud" and "fraudulent" into allegations that this Court has already determined do not constitute *Walker Process* fraud. See PSAC ¶187, ¶195, ¶207, ¶214.

Denying leave to amend is proper "where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin*, 59 F.3d at 845-846 (denying leave to amend where the only non-duplicative, non-frivolous amendment could have been pleaded originally); *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 677 (9th Cir. 1993)(finding no abuse of discretion in district court's decision not to grant a motion for leave to amend that was not brought until after the district court had issued its decision). MedImmune's proposed amendments are based on essentially the same facts as the First Amended Complaint. *Compare* FAC ¶¶1-130, *with* PSAC ¶¶1-140. Particularly considering MedImmune's earlier assurances that it was *not* pleading fraud, there is no justification for MedImmune's decision waiting until after a motion for summary judgment has been granted to attempt to bring fraud claims.

**B. Patent Unenforceability**

MedImmune offers one genuinely new theory in its proposed Second Amended Complaint. In its Third Cause of Action, which alleges patent unenforceability, MedImmune claims that Genentech's patent is unenforceable "for failure to meet the statutory requirements for

5

filing of settlement documents." PSAC ¶170. MedImmune claims that Genentech defrauded the PTO into belatedly accepting these documents, PSAC ¶117-25, and bases new *Walker Process* claims on this theory. PSAC ¶¶187, 195, 207, 214.

MedImmune's new claim appears to arise not from the discovery of new evidence, as MedImmune would have us believe, but from a tactical decision to begin to pursue the *Walker Process* claims that MedImmune once disclaimed. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986)(finding that the district court did not abuse its discretion where plaintiff's counsel made a tactical choice to delay bringing a motion for leave to amend because he felt the pleaded claims were sufficient). This argument was part of MedImmune's Opposition to the summary judgment motions, indicating that MedImmune had the evidence on which it now bases this claim prior to this Court's summary judgment decision. Opposition [to summary judgment motions] at 11-12 (filed 11/17/2003). Nine months into this litigation, after summary judgment has been granted, is not an appropriate time to assert a new theory of the case.

In addition to the futility of the proposed amendments, MedImmune's undue delay in bringing them and the substantial delay they would cause to the resolution of this case influenced this Court's decision not to grant leave to amend.

**II. Futility**

Futility alone can justify denial of leave to amend. *Bonin*, 59 F.3d at 845; *see Cal. Architectural Bldg. Prods., Inc.*, 818 F.2d 1466,

1472 (9th Cir. 1987). However, leave to amend can be denied for futility only where "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

### A. Fraud Claims

This Court's summary judgment decision drew the distinction between inequitable conduct and *Walker Process* fraud and concluded that MedImmune's Complaint had not pled facts sufficient to support *Walker Process* fraud. Summary Judgment Decision at 19. Then, as now, this Court's decision was not based on MedImmune's failure to plead with particularity, but with its failure to plead *fraud* at all. That "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally" does not negate the requirement that "the circumstances constituting fraud or mistake shall be stated with particularity." FRCP 9(b). This Court's prior opinion discussed the distinction between inequitable conduct and fraud and concluded that MedImmune's Amended Complaint alleged the former, not the latter. The addition of the terms "fraud" and "but for" does not transform an inequitable conduct claim into "the circumstances constituting fraud." Although the proposed claims now include the words "fraud" and "but for", they are not based on information that this Court did not have in issuing its earlier decision. *See, e.g.*, PSAC ¶¶94, 96, 103 (adding new legal conclusions rather than additional facts learned through discovery). MedImmune asserted these same basic claims, based on these

same facts, in its First Amended Complaint. They did not constitute *Walker Process* fraud then, and they do not support a fraud claim now. As they would be dismissed if allowed in, the amendments would be futile.

Even if MedImmune's proposed amendments did plead *Walker Process* fraud, they would still be futile. There were two necessary steps to the issuance of the New Cabilly patent: 1) establishing priority, and 2) resolving the other patent issues before the PTO. *See* Summary Judgment Decision, 10-11. Even if MedImmune were able to show that the Defendants committed fraud on the patent office, which would negate *Noerr-Pennington* immunity for their attempts to obtain the issuance of a patent from the PTO, there is independent immunity based on the resolution of the priority dispute. *Id.* at 10, n.4. Thus MedImmune's antitrust claims would still be barred by the *Noerr-Pennington* doctrine, and summary judgment would be granted once again.

**B. Patent Unenforceability**

MedImmune's new claim that Genentech failed to meet the statutory deadlines for filing settlement documents and then fraudulently induced the PTO to accept them is similarly futile. In asking the PTO to accept the settlement documents, Genentech was petitioning the PTO. As was true of the other claims on which this Court issued summary judgment, this petitioning activity is protected by the *Noerr-Pennington* doctrine.

MedImmune attempts to plead that Genentech engaged in fraud to induce the PTO to accept the settlement documents, but MedImmune has not met the pleading requirements for fraud. *See* FRCP Rule 9(b). Even

if it is true that Genentech's lawyer acted negligently or even dishonestly in stating to the PTO that he was unaware of the settlement agreement until after the April deadline, MedImmune has not plead facts to indicate that this was the "but for" cause of the PTO's decision to accept the settlement document. In fact, Genentech's primary justification for its late filing was that they did not know that April 2001 was the deadline for appeal until July 25, 2001, when the Final Order After District Court Judgment was issued. Hunter Decl. in Support of MedImmune's Request for Denial or Continuance of Summary Judgment, Ex. 8, p. 1. It is entirely possible that the PTO accepted this argument and chose to accept the settlement documents on that basis. MedImmune has pled no facts sufficient to assert that the PTO acted inappropriately in accepting the settlement documents from Genentech. Furthermore, even if Genentech violated section 135(c) or committed fraud in fulfilling the requirements of that section, no legal authority supports the proposition that this could be the basis of an antitrust or unfair competition claim. This Court will not grant MedImmune leave to add these new claims because they would immediately be subject to dismissal; the amendments would therefore be futile.

## CONCLUSION

Based upon this Court's prior summary judgment decision, and in light of the fact that MedImmune's proposed amendments were unduly delayed and would be futile if allowed, MedImmune's Motion for Leave to File Second Amended Complaint is **DENIED** in its entirety.

```
 1
 2  IT IS SO ORDERED
 3  DATED: February 17, 2004         /s/ Mariana R. Pfaelzer
                                     Honorable Mariana R. Pfaelzer
 4                                   United States District Judge
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```